(65 Misc. Rep. 315.)

## WALNUT HILL BANK v. NATIONAL RESERVE BANK.

(City Court of New York, Trial Term.  December, 1909.)

1. BANKS AND BANKING (§ 141*)—PAYMENT OF CHECK.

    If a check drawn upon the bank to which it is presented for deposit by a customer is retained by the drawee bank without notice to the depositor that it is not good, such retention amounts to a payment of the check, and the drawee bank becomes accountable to the depositor for the amount, especially where, during the time that the check is retained without notice, the circumstances of the drawer of the check have changed, so that the depositor would be prejudiced by treating the check as unpaid.

    [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 141.*]

2. BANKS AND BANKING (§ 126*)—ACCEPTANCE OF DRAFT—CREDIT TO DEPOSITOR'S ACCOUNT.

    Where a draft was drawn by a foreign bank upon a domestic bank to the domestic bank's order, and sent to it with instructions to credit the amount to a depositor. and the drawee bank mailed a postal card to the depositor on the day the draft was received, acknowledging it, such act amounted to an entry of credit in the depositor's passbook, and to pay-

ment of the draft, and its acceptance as a deposit to the credit of the depositor, and if the drawee bank subsequently refused to pay the amount thereof upon a check by the depositor, on the ground that the draft was subject to payment, and that the amount thereof had not been credited to the depositor, the depositor may recover for the refusal to pay the check.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 126.*]

3. BANKS AND BANKING (§ 123*)—NOTICE OF RECEIPT OF DRAFT—CONSTRUCTION.

A clause on a postal card to a bank, acknowledging receipt of a draft drawn on the bank, that "all items sent to us are credited subject to payment," applies only to items drawn upon banks other than the one giving the notice.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 123.*]

Action by the Walnut Hill Bank against the National Reserve Bank. Judgment for plaintiff.

Louis F. Doyle, for plaintiff.
Sullivan & Cromwell, for defendant.

McAVOY, J. The Walnut Hill and the Merchants' & Farmers' Banks, of Lewisville, are both banking institutions doing business in the state of Arkansas, and they were both correspondents of and depositors in the defendant bank, then known as the Consolidated National Bank. The Merchants' & Farmers' Bank, on or about January 8, 1909, remitted to the defendant bank a check or draft for $1,000, drawn upon the defendant, to the order of the defendant, and with accompanying instruction or advice to defendant to credit the same to the plaintiff; and such draft and instruction or advice were received by the defendant on or about January 13, 1909. On the day of the receipt of the draft the defendant sent the plaintiff a postal card in which acknowledgment was made of the receipt for credit of the said draft of the Merchants' & Farmers' Bank for $1,000; and upon the postal card was the note that, in the collection of all items payable outside of the city, the Consolidated Bank would observe due diligence in its endeavor to select responsible agents, but would not be liable in case of their failure or negligence or for loss of items in the mail, and, further, "All items sent to us are credited subject to payment." There was thereafter no communication between the defendant and plaintiff with reference to this draft until February 5th next, when the defendant company notified the plaintiff that the said draft was subject to payment, and, as the item had not been paid, credit never went to its account. Subsequently this plaintiff drew a check against its account with the defendant bank for $1,000, and demanded payment of said instrument, which was refused on the ground of insufficient funds; and, unless the $1,000 draft drawn by the Merchants' & Farmers' Bank and sent to defendant with instructions to credit the amount to plaintiff is deemed a credit applicable to the plaintiff's account, the refusal to pay check in suit here is proper, and no recovery can be had thereon.

The plaintiff claims that, inasmuch as this draft was drawn upon the defendant itself, the sending of the postal card on January 13th to the plaintiff was equivalent to an entry of a credit in a depositor's pass-

book, and amounted to the payment of the draft and its acceptance as a deposit to the credit of the plaintiff. Early cases in New York have made the rule that, if a check which is drawn upon the bank to which it it presented for deposit by one of its customers is accepted and retained by the drawee bank without notice to the depositor that it is not good, such acceptance and retention amount to a payment of check, and the drawee bank becomes accountable to the depositor for the amount, particularly where, during the time that the check is retained without notice, the circumstances of the drawer of the check have changed, so that the depositor would be prejudiced by treating the check as unpaid. Oddie v. National City Bank, 45 N. Y. 735, 6 Am. Rep. 160. It was specifically stated in the opinion in that case:

"When a check is presented to a bank for deposit, drawn directly upon itself, it is the same as though payment in any other form was demanded. It is the right of the bank to reject or to refuse to pay it, or to receive it conditionally; * * * but if it accepts such a check, and pays it, either by delivering the currency or giving the party credit for it, the transaction is closed between the bank and such party, provided the paper is genuine. * * * Defendants are estopped from claiming that they did not receive the check upon deposit. They entered it and acted with it as a deposit. Plaintiffs relied upon and acted upon the strength of the acts and admissions of the defendants. The claim now set up is inconsistent with the acts and declarations of the party, and the plaintiffs have been injured by being deprived of the opportunity of rejecting the check and reclaiming the consideration or otherwise securing themselves until the drawers had failed and run away. It is true that the time in which the plaintiffs could have had this opportunity was short; but it appears that during that period the drawers continued to transact business and draw checks upon the defendant's bank, and made deposits therein to a large amount. * * * Under these circumstances it would be inequitable and unjust to permit the defendants to throw the responsibility of their own acts upon the plaintiffs, and the law has established a rule which forbids it. Every element of estoppel in pais exists in this case."

It seems, therefore, the case just cited never having been modified in doctrine, but lately reiterated in Consolidated National Bank v. First National Bank, 129 App. Div. 540, 114 N. Y. Supp. 308, that, if the mailing and forwarding to the plaintiff of the postal card containing the advice of receipt for credit of this draft of the Merchants' & Farmers' Bank can be construed as an acceptance of that instrument, as drawn upon it, the defendant bank would be liable for nonpayment of the check upon which this action is based. It is, to my mind, beside the point in the case to claim, as does defendant, that the plaintiff was not a party to the draft originally drawn because its name was not included in its terms, the draft, as the evidence indicates, being drawn "to the order of yourselves," and being received with a letter of advice as to the person to whom credit was to be given. This established the ownership of the check or draft in the plaintiff for any purpose to which the defendant bank might put the same.

Under the rule formerly adverted to, it does not impress me as a material fact what form the manifestation of the bank's acceptance of a draft drawn upon it takes. If it be in a depositor's passbook credited as a deposit, or if it be upon a postal card forwarded by the depositor advising him of a credit, equally a depositor is placed in a position of founding a belief that such checks and drafts as he has deposited have

been accepted when they are drawn upon the bank of deposit. It is evident, therefore, that the distinction attempted to be created between the acknowledgment of receipt by postal card and the acknowledgment of acceptance by entry in a passbook is too fine to result in a departure from the general rule.

A possible basis of escape from liability rests upon the clause in the postal card stating: "All items sent to us are credited subject to payment." The court, however, agrees with plaintiff's contention in this regard, that the notice was intended to apply to items drawn upon banks other than the defendant itself. It is reasonable to presume that the defendant had no means of knowing, until presentation of such items to the bank upon which they might be drawn, whether drafts would prove good or bad; but it was in possession at all times of konwledge whether items drawn upon itself were good or not, and had at all times the right to determine whether it would honor drafts upon it, even if the balances credited to the parties were not sufficient to meet the drafts, and it was not required to take any risk in respect to any such item, since it could always ascertain the fact as to the drawer's balance before either crediting the item or notifying the parties for whose credit they might be presented.

It would seem, therefore, in accordance with these views, that the plaintiff is entitled to the judgment of the court.

Judgment for plaintiff.